IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Joseph Pellegrino, ) | |
| ) | Civil Action No. 7:08-180-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND** |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| United Parcel Service, Inc., ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 8] and the plaintiff's motion to amend [Doc. 12]. In his Complaint, the plaintiff alleges that the defendant terminated his employment for the exercise of his rights under the Family Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq*. The defendant has moved to dismiss the plaintiff's claims. The plaintiff responded by seeking leave to amend his Complaint. That Amended Complaint purports to allege a claim for interference and retaliation under the FMLA.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff has averred the following facts in his proposed Amended Complaint. He was employed by the defendant from approximately July 6, 2004 through December 12, 2007. [Doc. 12, Attach. 1 ¶ 4.] While he was employed by the defendant, his daughter was born on July 15, 2007. *Id*. ¶ 5. Subsequently, the defendant made a change to the plaintiff's work schedule requiring him to work on Sundays. *Id*.¶ 6.

At that time, the plaintiff requested intermittent FMLA leave to care for his newborn child. *Id.* ¶ 9. The plaintiff alleges that the defendant indicated that it provided intermittent leave for its employees. *Id*. The plaintiff alleges, however, that the defendant later denied him intermittent leave and, further, that it failed to inform him of his right to take leave in a lump sum. *Id*. ¶ 11-14. The plaintiff also alleges that the defendant generally failed to apprise him of his rights under the FMLA. *Id*. ¶ 8, 12-14.

On December 12, 2007, the defendant terminated the plaintiff's employment.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant contends that the plaintiff's Complaint must be dismissed because it fails to state a claim under the FMLA. Specifically, the defendant argues that the plaintiff has pled a claim that he was denied "intermittent" leave for the birth of his daughter, a claim not cognizable under the FMLA either for interference or retaliation.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for . . . the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A). The defendant rightly emphasizes, however, that leave for the birth of a child "shall not be taken by an employee ***intermittently*** or on a reduced leave schedule ***unless the employee and the employer . . . agree otherwise***." *Id*. at § 2612(b)(1) (emphasis added).

2

The FMLA's interpretive regulations likewise provide that "[w]hen leave is taken after the birth or placement of a child for adoption or foster care, an employee may take leave intermittently or on a reduced leave schedule ***only if the employer agrees***." 29 C.F.R. § 825.203 (emphasis added).

In the plaintiff's original Complaint, he alleges that he requested intermittent leave to care for his daughter and that the request was denied. [Doc. 1 ¶¶ 7, 10.] The defendant argues that the claim on it face, therefore, must fail because the plaintiff had no entitlement to intermittent leave in the absence of the defendant's agreement to the same.

The plaintiff did not file a formal response to the defendant's motion to dismiss but instead filed a motion to amend, which purports to add curative facts. Namely, the plaintiff seeks leave to allege in an amended Complaint that he asked defendant whether it provided intermittent leave for care of a newborn child and that the defendant responded that it did. [Doc. 12, Attach. 1 ¶ 9.]   The Court finds the amendment both permissible under the Federal Rules of Civil Procedure and effective to overcome the defendant's motion to dismiss.

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given" to amend a Complaint "when justice so requires."  Fed. R. Civ. P. 15(a).  A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir.2001) (internal quotation marks omitted). This case is not old and no prejudice would accrue to the defendant at this stage in the litigation.  There is no allegation or evidence of bad faith on the part of the plaintiff in seeking to amend his Complaint in response to the defendant's motion to dismiss.  And, contrary to the defendant's assertion, the amendment would not be futile.

The amended Complaint would allege, if granted, that the defendant did agree to intermittent leave, as contemplated by the FMLA. [Doc. 12, Attach. 1 ¶ 9.] The defendant argues in response that these were only "preliminary discussions" and not any agreement of the defendant to allow intermittent leave. Such an argument, however, implicates issues of fact not permissible on this motion to dismiss because they would involve recourse to information not in the Complaint. The Complaint itself states that the defendant provided intermittent leave but then terminated the plaintiff's employment for taking it (or planning to take it). *Id*. ¶¶ 9, 11. The Court will not parse the proposed Amended Complaint more finely. The defendant may easily be able to demonstrate that no agreement was, in fact, reached as to intermittent leave between the plaintiff and the defendant on summary judgment, but the Court cannot decide it now.

Moreover, the plaintiff also seeks to amend his Complaint to allege that he was "prepared to and intended to take a lump sum FMLA leave" but he was not offered or informed of his right to do so. *Id*. ¶¶ 12-14. The proposed Amended Complaint also generally avers that the "Defendant failed to inform Plaintiff of his rights to take FMLA leave to care for a newborn child." *Id*. ¶ 8.

The FMLA requires "an employer to provide an employee requesting leave notice of his or her rights within a reasonable time, 'one or two business days [after the request] if feasible.'" *Reed v. Buckeye Fire Equipment*, 241 Fed. Appx. 917, 924 (4th Cir. 2007) (quoting 29 C.F.R. § 825.301(c)). 29 C.F.R. § 825.301(a)(1) provides that "[i]f an employer has any eligible employees and has any written guidance to employees concerning employee benefits or leave rights, such as in an employee handbook, information concerning FMLA entitlements and employee obligations under the FMLA must be included . . . ." 29 C.F.R. § 825.301(a)(1). In addition, the regulations provide that when an employee gives notice of his need for FMLA leave, the employer must provide the

employee with information detailing the specific expectations and obligations of the employee, including any consequences of a failure to meet these obligations. *Id*. § 825.301(b)(1).   Finally, as the plaintiff points out, "employers are also expected to responsively answer questions from employees concerning their rights and responsibilities under the FMLA." *Id*. § 825.301(d).

The proposed Amended Complaint, therefore, adequately pleads an interference claim for the defendant's alleged failure to apprise the plaintiff of his rights under the FMLA related to lump sum leave. *See, e.g., Reed*, 241 Fed. Appx. at 924 ("With respect to the interference prong, the district court assumed that Buckeye interfered with Appellant's FMLA rights by failing to provide the required notice.") The plaintiff contends that he was not informed of his rights under the FMLA, generally, and as to lump sum leave, specifically. [Doc. 12, Attach. 1 ¶ 8, 12-14.]

Finally, the defendant contends that the plaintiff's proposed Amended Complaint purports to add a retaliation claim under the FMLA which is also futile.  Specifically, the defendant contends that to state a retaliation claim under the FMLA the plaintiff must demonstrate that he engaged in a protected activity under the Act.  The defendant argues that because the plaintiff was not entitled to take intermittent leave, he could not, therefore, have been engaged in any protected activity without the consent of the defendant.

The defendant is correct that a retaliation claim under the FMLA can lie only where the plaintiff has been retaliated against for engaging in protected activity.  *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 550-51 (4th Cir. 2006).  Viewing the facts in the Complaint in a light most favorable to the plaintiff, however, the plaintiff has alleged a protected activity insofar as his Complaint avers that the defendant agreed to allow him intermittent leave.  As stated, assertion of rights in intermittent FMLA leave will be protected

under that statutory scheme where the employer agrees. *See* 29 U.S.C. § 2612(b)(1). The plaintiff has alleged as much. [Doc. 12, Attach. 1 ¶ 9.]

Accordingly, the Court disagrees that the proposed amendments to the Complaint would be futile and will allow them.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is ORDERED that the plaintiff's motion to amend [Doc. 12] is GRANTED. It is RECOMMENDED that the defendant's motion to dismiss [Doc. 8], however, should be DENIED.

s/ Bruce H. Hendricks<br>
United States Magistrate Judge

March 26, 2008
Greenville, South Carolina