IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Joseph Pellegrino, | ) | Civil Action No.: 7:08-cv-00180-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is now before the court with the [Docket Entry 75] Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks[1] filed on December 15, 2009.[2] In her Report, the Magistrate Judge reviewed Defendant's [Docket Entry 59] Motion for Summary Judgment and recommended that the court should grant the motion. Plaintiff timely filed objections to the Report, and Defendant subsequently filed a reply to those objections.

## **Material Facts**

Plaintiff was employed by Defendant from 2004 until his termination in late 2007. Defendant's "peak season" runs from Thanksgiving through Christmas. Plf. Depo. [Docket Entry 59-3] at 6. In mid-November 2007, prior to the start of peak season, Plaintiff's immediate supervisor informed Plaintiff and other full-time supervisors that it might be necessary for all of them to work Sundays during peak season. *Id.* at 8. Immediately after learning of this possible change in the work schedule, Plaintiff verbally informed his supervisor that he could not work

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

Sundays due to the fact that his wife worked weekends and he had to take care of his children. Plf. Depo. [Docket Entry 65-4] at 2. Plaintiff later learned that he was in fact scheduled to work on Sunday, November 25, 2007. Plf. Depo. [Docket Entry 59-3] at 8-9. Once again, Plaintiff informed his supervisor that he could not work Sundays because he had to take care of his children. *Id.* at 9. Plaintiff's supervisor attempted to accommodate Plaintiff by telling Plaintiff he could report to work on Sunday after his wife returned home. *Id.* Plaintiff did not report to work that night because the work was completed before Plaintiff's wife returned home. *Id.* at 9-10.

When Plaintiff arrived at work the following Monday, his supervisor had a conversation with him because his supervisor was upset at Plaintiff's failure to attend work on Sunday. *Id.* at 12. In the meeting, Plaintiff once again reiterated the fact the he could not work the Sundays. *Id.* at 14. Defendant specifically warned Plaintiff that if he did not report to work the following Sunday as scheduled, his employment was subject to termination. *Id.*

Plaintiff did not report to work the following Sunday. *Id.* at 19-20. Defendant once again met with Plaintiff to discuss his absences. *Id.* Before the meeting ended, Defendant informed Plaintiff that if he failed to report to work the following Sunday, his employment would be terminated. *Id.* at 20. After this meeting, Plaintiff approached Frank Morris, a human resources supervisor, about intermittent FMLA leave for care of a new-born child. *Id.* at 25. Morris informed Plaintiff that Defendant had granted intermittent leave for care of a new-born child in the past. *Id.* Morris eventually faxed Plaintiff the paperwork he needed to fill out for intermittent leave. *Id.* at 27. However, Plaintiff was informed that he was expected to report to work the following Sunday, December 9. *Id.* at 26. Plaintiff, having not completed the paperwork, did not

report to work on December 9. *Id.* at 27. Defendant subsequently terminated Plaintiff's employment on December 12, 2007. *Id.* at 28.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

I.  Interference Claim

The Magistrate Judge recommended that summary judgment should be granted as to Plaintiff's interference claims. Plaintiff contends that Defendant improperly interfered with his right to take both intermittent leave and lump-sum leave in order to take care of his new-born child. After reviewing Plaintiff's objections, the court finds that genuine issues of fact still exist

and therefore summary judgment should not be granted as to Plaintiff's interference claims.

29 U.S.C. § 2615(a)(1) provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." To prove a FMLA interference claim, Plaintiff must establish that Defendant (1) interfered with the exercise of his FMLA rights and (2) that such interference caused Plaintiff prejudice. *Reed v. Buckeye Fire Equip.*, 241 Fed. Appx. 917, 924 (4th Cir. 2007) (citing *Ragsdale v. Wolverine World Wide*, 535 U.S. 81, 87 (2002)).

In his objections, Plaintiff argued the following:

> It is indisputable that (1) Plaintiff put Defendant on notice of a qualifying event both verbally and in writing; (2) this notice triggered Defendant's obligations to inform Plaintiff of his FMLA rights; (3) Defendant failed to provide Plaintiff with any information or explanation about the FMLA. The R&R improperly ignores the employer's responsibility and rather places the burden of knowing his rights upon Plaintiff. Sufficient issues of fact exist regarding whether Defendant met its burden under the FMLA and whether its failure to meet its burden constitutes interference with Plaintiff's FMLA rights.

Plf's. Obj. [Docket Entry 75] at 5. Plaintiff contends that Defendant was put on notice that Plaintiff may have been seeking FMLA leave when Plaintiff immediately informed Defendant, upon learning of the new sunday work schedules, that he could not work on Sundays because he had to take care of his children. Moreover, Plaintiff argues that upon such notice, Defendant interfered with Plaintiff's rights by not inquiring further into Plaintiff's possible need for FMLA leave and explaining to Plaintiff his rights under the FMLA.

An employee does not have to specifically mention the FMLA in connection with a request for leave. *See* 29 C.F.R. § 825.302(c) (stating "the employee need not expressly assert rights under the FMLA or even mention the FMLA" when seeking leave). Rather, an employee need only provide "verbal notice sufficient to make the employer aware that the employee needs

4

FMLA-qualifying leave, and the anticipated timing and duration of the leave." *Id.*; *see also Dotson v. Pfizer, Inc.*, 558 F.3d 284, 295 (4th Cir. 2009); *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 852 (8th Cir. 2002); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 763 (5th Cir. 1995). For example, an employee "may only state the leave is needed for an expected birth or adoption . . . ." *Dotson*, 558 F.3d at 295 (internal quotations and citations omitted). "After the employee makes such a statement, the responsibility falls on the employer to inquire further about whether the employee is seeking FMLA leave." *Id.* As a matter of fact, the Federal Regulations state that, "[i]n all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c). Finally, courts have held that whether an employee provided adequate notice of his request for FMLA leave is a question of fact "better left for the jury." *Hopson v. Quitman County Hosp. and Nursing Home, Inc.*, 126 F.3d 635, 640 (5th Cir. 1997); *see also Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008) ("Whether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury."); *Spangler*, 278 F.3d at 853 (holding that the court "cannot say, as a matter of law, viewing the evidence in the light most favorable to Spangler, no genuine issue of material fact with regard to appropriate notice exists").

Accordingly, the court finds that genuine issues of material fact exist as to whether Plaintiff gave Defendant adequate notice that he was seeking FMLA leave for care of his new-

born child, and therefore summary judgment should not be granted.[3] There is evidence in the record of the following: (1) Plaintiff began working for Defendant in 2004; (2) Plaintiff had a new-born child while working for Defendant in 2007; (3) in November 2007, Defendant's management informed Plaintiff, and other full-time supervisors, that it might be necessary for them to work Sundays during "peak season;" (4) immediately thereafter, Plaintiff verbally informed his supervisor that he could not work the Sundays because his wife worked weekends and he had to "take care of [his] children;" (5) when Plaintiff learned that it was certain that he would have to work Sundays, he once again informed his supervisor that he could not work Sundays because he had to "take care of [his] children;" (6) Defendant subsequently informed Plaintiff that he needed to make other arrangements and that Plaintiff was expected to work the Sundays; (7) after missing two straight Sundays, and being informed that if Plaintiff missed a third he would be terminated, Plaintiff met with a member of human resources and specifically inquired into the availability of FMLA leave for taking care of a new-born child; (8) human resources told Plaintiff that it had granted intermittent leave under the FMLA in the past for similar circumstances and gave Plaintiff the proper paperwork to fill out for such FMLA leave; (9) Plaintiff missed a third straight Sunday, before finishing the FMLA paperwork, and Defendant subsequently terminated his employment. Applying the above discussed case law, and taking these facts in the light most favorable to Plaintiff, there are genuine issues of fact as to whether Plaintiff provided Defendant with adequate notice that he required FMLA leave to

---

[3] The court notes that if a reasonable jury ultimately determines that Plaintiff provided Defendant adequate notice of his request for FMLA leave, the same jury could arguably determine that Defendant interfered with Plaintiff's FMLA rights by not inquiring into and explaining said rights to Plaintiff. Therefore, based on the genuine issue of whether adequate notice was provided by Plaintiff, summary judgment is inappropriate as to Plaintiff's FMLA interference claims.

take care of his new-born child. The factual issue in question is whether Plaintiff provided Defendant adequate notice that he was seeking FMLA leave for care of his new-born child when he used the word "children," rather than specifically mentioning his "new-born child,"while informing Defendant that he could not work Sundays. A reasonable jury could determine that Plaintiff had provided Defendant adequate notice of his need for FMLA leave when Plaintiff, upon learning of the new Sunday work schedule, immediately informed his supervisor that he could not work Sundays due to the fact he had to take care of his children.[4] Moreover, the same jury could determine that, upon being put on notice, Defendant improperly failed to inform Plaintiff about his FMLA rights, thereby interfering with those same rights. Therefore, summary judgment should not be granted as to Plaintiff's FMLA interference claims.

II.     Retaliation Claim

Plaintiff also contends that Defendant terminated his employment in retaliation for having inquired about the possibility of intermittent FMLA leave. The Magistrate Judge found that summary judgment should be granted as to this claim because "Plaintiff made no effort to rebut the defendant's legitimate, non-retaliatory reason for termination."[5] Report [Docket Entry 75] at 12. Plaintiff objects to this recommendation.

Initially, the court agrees with the Magistrate Judge and Defendant that Plaintiff failed to

---

[4]     Defendant also argues that any interference claims must denied because Plaintiff did not provide timely notice of his need for such "foreseeable" leave. However, the court finds that there is also a genuine issue as to whether Plaintiff's needed leave was "foreseeable." Arguably, the change in the schedule, requiring work on Sundays, was an unforeseeable event that alleviated the thirty (30) day notice requirement under the Regulations. *See* 29 C.F.R. § 825.302(a); *see also* Report [Docket Entry 75] at 11 n.2.

[5]     Because the Magistrate Judge found that Plaintiff did not offer any evidence to rebut Defendant's proffered legitimate, non-retaliatory reason for terminating Plaintiff's employment, the Magistrate Judge did not address whether Plaintiff successfully established a *prima facie* case of retaliation.

set forth any evidence to rebut Defendant's legitimate, non-retaliatory reason for Plaintiff's discharge in his memorandum in opposition of summary judgment.⁶ Accordingly, Defendant now argues that Plaintiff's belated, new arguments regarding pretext are improper and should not be considered by this court. Def. Response [Docket Entry 78] at 18. The court is uncertain as to whether these new arguments should properly be considered by the court. *Compare Strickland v. Baker*, No. 3:08-cv-02721-CMC-PJG, 2010 WL 146816 (D.S.C. Jan. 11, 2010) (rejecting new arguments in objections where Plaintiff could have, but failed to, advance such arguments before the Magistrate Judge), *and Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (similar holding), *with United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (holding "a district court is required to consider all arguments directed to [an] issue, regardless of whether they were raised before the magistrate"). Therefore, out of an abundance of caution, the court has reviewed Plaintiff's arguments regarding pretext, but finds that summary judgment is still appropriate as to Plaintiff's retaliation claim.⁷

---

⁶ Rather, the following sets forth Plaintiff's argument regarding retaliation in its entirety:

> The defendant is correct that a retaliation claim under the FMLA can lie only where the plaintiff has been retaliated against for engaging in protected activity. Viewing the facts in a light most favorable to the plaintiff, Pellegrino has proven a protected activity insofar that the defendant agreed to allow him intermittent leave. As stated, assertion of rights in intermittent FMLA leave will be protected under the statutory scheme where the employer agrees. Pellegrino clearly was terminated for missing time from work on Sundays when her [sic] was caring for his new born child. Thus resulting in a material adverse employment affect, termination, when Pellegrino was engaged in an FMLA protected activity, caring for his new born child. Therefore Pellegrino establishes a prima facie case of retaliation under FMLA.

Plf. Memo. [Docket Entry 65] at 4. Notably absent from Plaintiff's memorandum are any arguments regarding pretext or any mention of the word "pretext."

⁷ This court, just as the Magistrate Judge did, does not address Plaintiff's arguments regarding his *prima facie* case of retaliation because the court finds that Plaintiff cannot and has not set forth any evidence to rebut Defendant's proffered legitimate, non-retaliatory reason for Plaintiff's termination.

8

To establish that Defendant's proffered reason was pretext for retaliation, Plaintiff must "show that as between [the retaliatory reason] and the defendant's explanation, [the retaliatory reason] was the more likely reason for the dismissal, or that employer's proffered explanation is unworthy of credence." *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996) (quoting *Tuck v. Henkel Corp.*, 973 F.2d 371, 375 (4th Cir. 1992)). Based on the record, Plaintiff cannot make such a showing. The Magistrate Judge found that the following undisputed evidence establishes that Plaintiff's termination was related to his absenteeism and not a request of intermittent FMLA leave: (1) Plaintiff missed three straight Sundays of work; (2) even if Plaintiff had begun the process of properly seeking intermittent leave, he was unequivocally informed that he was expected to work on December 9; (3) he had not submitted the FMLA paperwork before being terminated; (4) it was Defendant's peak season and Plaintiff, as well as all other full-time supervisors, were needed to work; (5) no other supervisors were allowed to miss work on the Sundays; (6) Defendant had not agreed to give Plaintiff intermittent FMLA leave at the time he missed the final Sunday; and (7) Plaintiff admitted that if he had reported to work on December 9, he would not have been terminated. Report [Docket Entry 75] at 12-13. Plaintiff fails to address these facts in his objections, and the additional evidence set forth in his objections is not sufficient to overcome these undisputed facts. Based on the facts as presented, a reasonable jury could conclude only that Plaintiff was terminated because, after being warned that he was required to report to work or he would be terminated, Plaintiff missed three straight Sundays of work.[8] The evidence cannot support a finding that Plaintiff was terminated because

---

[8] Moreover, as the Magistrate Judge correctly found, Plaintiff was not entitled to miss work because Defendant had not consented to any intermittent leave. Leave for the birth of a child "shall not be taken by an employee intermittently or on a reduced leave schedule unless the employee and the employer . . . agree otherwise." 29 U.S.C. § 2612(b)(1). In the case at bar, Defendant never agreed to give Plaintiff intermittent

he requested FMLA intermittent leave, especially in light of the fact that Plaintiff admits that if he had reported to work the final Sunday, he would not have been terminated. Accordingly, summary judgment should be granted as to Plaintiff's retaliation claim.

### **Conclusion**

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. The court adopts the Report and Recommendation of the Magistrate Judge regarding Plaintiff's retaliation claim. However, the court respectfully declines to adopt the parts of the Report regarding Plaintiff's interference claims. For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Defendant's motion is **GRANTED** as to Plaintiff's retaliation claim. That claim is hereby **DISMISSED** *with prejudice*. Defendant's motion is **DENIED** as to Plaintiff's interference claims.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 30, 2010
Florence, South Carolina

---

leave. Plaintiff argues that when Morris told Plaintiff that Defendant had granted intermittent leave for similar circumstances in the past, Morris was actually agreeing to grant Plaintiff intermittent leave. No reasonable jury could find that such a concession was a legal agreement to grant Plaintiff intermittent leave, especially in light of the fact that Defendant gave Plaintiff paperwork to fill out in order for Plaintiff to request such intermittent leave. But, even if the court were to determine that Defendant's statement was more promissory than it appears, Plaintiff cannot overcome the critical fact that Defendant explicitly expected Plaintiff to report to work on December 9, and Plaintiff failed to do so.